IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KEVIN JONES,
      Plaintiff,

vs.                          Case No.: 5:17cv239/MCR/EMT

WILLIAM J. SCHWARZ,
      Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Kevin Jones ("Jones"), an inmate of the Florida Department of Corrections ("FDOC"), is proceeding pro se and in forma pauperis in this civil rights action. Presently before the court is Jones' Amended Complaint (ECF No. 11).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by Jones, it is the opinion of the undersigned that this action should be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.      BACKGROUND

Jones names William J. Schwarz, a captain at Gulf Correctional Institution Annex, as the sole Defendant in this case (ECF No. 11 at 1–2). Jones alleges that a

major disturbance occurred at Gulf C.I. on September 9, 2016 (ECF No. 1 at 5–6; ECF

No. 11 at 5–6).[1]  Jones alleges Defendant Captain Schwarz issued a disciplinary report

("DR") charging him with participating in the disturbance (*id.*).  Jones alleges Captain

Schwarz stated in the DR that he reviewed a videotape from a camera in Jones'

dormitory, and Schwarz identified him as an inmate walking around the dormitory

waving his hand in the air, yelling at staff, blocking the doorway to his cell, refusing

all orders to return to his assigned bunk, and joining other inmates in the disturbance

(*id.*).  Jones alleges the notice of the charge was "insufficient" (*id.*).  He alleges he

attended a disciplinary hearing on the charge on September 22, 2016 (*id.*).  Jones

alleges the disciplinary team "failed to have compulsory process" for obtaining

witnesses in his favor, and failed to review evidence that would acquit him of the

charge, specifically, video footage from the camera in wing 2 of Q-dormitory, where

Jones was housed at the time of the disturbance (*id.*).  Jones alleges he was convicted

of the disciplinary charge and sentenced to sixty (60) days in disciplinary confinement

and forfeiture of thirty (30) days of gain time (*id.*).  Jones alleges he appealed the

disciplinary decision, but the warden's office denied the appeal (*id.*).  Jones alleges

---

[1] The factual allegations of Jones' initial Complaint are more specific than those of his
Amended Complaint.  The court has considered the allegations of both pleadings and includes them
herein.

he appealed the response to the FDOC's Central Office, and on December 15, 2016,

the Central Office notified him that his appeal was "approved for further inquiry" (*id.*;

*see also* ECF No. 11, Exhibit A).  Jones alleges Captain Schwarz prepared the false

DR to defame him and with "malicious intent to injure and cause harm" (*id.*).  Jones

additionally alleges he was "situated with other prisoners who received favorable

treatment," and Schwarz "acted with the intent to discriminate" against him (ECF No.

11 at 6).

Jones claims that Defendant Schwarz violated his equal protection rights, his

due process rights, and his right to be free from cruel and unusual punishment,

guaranteed by the Fourth, Fifth, Sixth, and Eighth Amendments (ECF No. 11 at 7).

As relief, Jones requests that the DR be removed from his inmate record (*id.*).

II.     DISCUSSION

The court is statutorily required to review the Amended Complaint to determine

whether this action is frivolous or malicious, fails to state a claim on which relief may

be granted, or seeks monetary relief against a defendant who is immune from such

relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  To survive dismissal at the screening phase,

a complaint must contain sufficient factual matter, accepted as true, to state a claim

to relief that is plausible on its face.  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct.

1937, 173 L. Ed. 2d 868 (2009) (internal quotation marks and citation omitted).  A

claim is plausible on its face where "the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* (citation omitted).  Plausibility means "more than a sheer possibility that

a defendant has acted unlawfully."  *Id.*  "Where a complaint pleads facts that are

merely consistent with a defendant's liability, it stops short of the line between

possibility and plausibility of entitlement to relief."  *Id.* (quotation and citation

omitted).

The determination of whether a complaint states a plausible claim for relief is

"a context-specific task that requires the reviewing court to draw on its judicial

experience and common sense."  Iqbal, 556 U.S. at 679 (citation omitted).  The

pleader is not entitled to relief "where the well-pleaded facts do not permit the court

to infer more than the mere possibility of misconduct."  *Id.* (citing Fed. R. Civ. P.

8(a)(2)).  The court is "not bound to accept as true a legal conclusion couched as a

factual allegation." *Id.* at 678 (quotation and citation omitted).  And "bare assertions"

that "amount to nothing more than a formulaic recitation of the elements" of a claim

"are conclusory and not entitled to be assumed true."  *Id.* at 681 (quotation and

citation omitted).  Stated succinctly:

Pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Iqbal, 556 U.S. at 679.  In civil rights cases, "[m]ore than mere conclusory notice pleading is required . . . .  A complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory."  Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation marks and alteration omitted).

A.     Federal Claims

Jones claims that Captain Schwarz's writing a false DR violated his due process and equal protection rights guaranteed by the Fourth, Fifth, and Sixth Amendments (ECF No. 11 at 6, 7).  Jones also claims that Schwarz's conduct constituted cruel and unusual punishment under the Eighth Amendment (*id.* at 6, 7).

The court previously advised Jones that the Supreme Court has held that a prisoner in state custody may not use a § 1983 action to challenge "the fact or duration of his confinement." Preiser v. Rodriguez, 411 U.S. 475, 489, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973); *see also* Wolff v. McDonnell, 418 U.S. 539, 554, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974); Heck v. Humphrey, 512 U.S. 477, 481, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994); Edwards v. Balisok, 520 U.S. 641, 646–48, 117 S. Ct. 1584,

137 L. Ed. 2d 906 (1997) (prisoner's claim for injunctive relief and monetary damages

for use of wrongful procedures in disciplinary proceedings, which resulted in sentence

of placement in isolation for ten days, placement in segregation for twenty days, and

deprivation of thirty days of good-time credit, necessarily implied the invalidity of the

punishment imposed and therefore could not be pursued unless the prisoner had

succeeded in having the revocation penalty invalidated).

In this case, Jones states that, among other punishments related to his conviction

of the allegedly false DR, he lost 30 days of gain time.  Jones states that the FDOC's

Central Office approved his grievance appeal in relation to the DR, and he filed a copy

of the appeal to his First Amended Complaint (ECF No. 11 at 6, Exhibit A).  The

appeal states the following:

> Your administrative appeal has been received, evaluated, and referred to
> the Warden for appropriate handling and action.
>
> The institution will be providing you with a response once their review
> is completed.
>
> If you feel that the institutional response does not adequately resolve the
> issue, you may once again appeal to this office within 15 days from the
> date of the institutional response.
>
> Based on this action, your grievance is approved for further inquiry.

(ECF No. 11, Exhibit A).  Jones does not allege that the DR was overturned.

Case No.: 5:17cv239/MCR/EMT

Because Jones challenges a disciplinary decision which resulted in the loss of gain time, and he has not alleged that the DR was overturned or otherwise invalidated, he may not seek relief in this court under § 1983.  Therefore, Jones' constitutional claims should be dismissed without prejudice to his reasserting them if the DR is overturned.

B.   State Law Defamation Claim

Jones also appears to assert a state tort claim of defamation against Captain Schwarz (*see* ECF No. 11 at 6).  It is well established that once a plaintiff's federal claims are dismissed, there remains no independent federal jurisdiction to support the court's exercise of supplemental jurisdiction over any state claims against a defendant. *See* Baggett v. First Nat'l Bank of Gainesville, 117 F.3d 1342, 1352 (11th Cir. 1997). Title 28 U.S.C. § 1367(c)(3) provides that the district court may decline to exercise supplemental jurisdiction over claims after it has dismissed all claims over which it has original jurisdiction. *See* United Mine Workers v. Gibbs, 383 U.S. 715, 725–26, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966).  Where § 1367(c) applies, considerations of judicial economy, convenience, fairness, and comity may influence the court's discretion to exercise supplemental jurisdiction. *See* Baggett, 117 F.3d at 1353 (citing Palmer v. Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1569 (11th Cir. 1994)).  The

Eleventh Circuit has encouraged district courts to dismiss any remaining state claims when the federal claims have been dismissed prior to trial.  *See* <u>Raney v. Allstate Ins. Co.</u>, 370 F.3d 1086, 1089 (11th Cir. 2004).

Taking these factors into account in this case, the court concludes that any state law claim asserted by Jones should be dismissed to permit him to pursue it in a more appropriate forum.  While it would be convenient for Jones to continue litigating his case in this court, this court has a substantial number of original jurisdiction cases awaiting review, and neither judicial economy nor fairness to other litigants supports retaining jurisdiction of Jones' state claim and delaying justice in other cases. Furthermore, the state court is best equipped to research and rule on matters of state law, and comity would suggest that it should be allowed to do so.  Moreover, the supplemental jurisdiction statute contains a tolling provision. *See* 28 U.S.C. § 1367(d) (state claims asserted in federal court along with "related" federal claims "shall be tolled while the claim is pending and for a period of 30 days after it is dismissed"); <u>Artis v. District of Columbia</u>,  — U.S. —,138 S. Ct. 594, 199 L. Ed. 2d 473 (2018). Thus, Jones' state law claim is tolled while it is pending in federal court, and the Jones will have 30 days after dismissal by the federal court to re-file in state court.  *See* <u>Artis</u>, *supra*; <u>Krause v. Textron Fin. Corp.</u>, 59 So. 3d 1085 (Fla. 2011).  Therefore,

Jones' pursuit of any state law claim in state court would not be prejudiced by this court's declining to exercise supplemental jurisdiction over that claim.

For the aforementioned reasons, it is respectfully **RECOMMENDED**:

1.      That Plaintiff's federal claims be **DISMISSED without prejudice**, pursuant to and 28 U.S.C. § 1915(e)(2)(B)(ii); and

2.      That Plaintiff's state law claims be **DISMISSED without prejudice**.

At Pensacola, Florida, this 9th day of April 2018.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**